UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DONTAY SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-98 RM |
| | ) | |
| MARK STEFANOTOS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

## OPINION AND ORDER

Dontay Smith filed a complaint pursuant to 42 U.S.C. § 1983, alleging that there were problems with the information contained in the affidavit used to obtain a search warrant and with an arrest warrant directed at him. Mr. Smith attaches several documents to his complaint, including the affidavit for probable cause, the Grant Circuit Court's order finding probable cause to exist, and the transcript of the debriefing of the confidential informant by police officers concerning the confidential informant's purchase of drugs from Mr. Smith

This matter is before the court on Mr. Smith's motion for leave to proceed *in forma pauperis*. Under 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28

U.S.C. §1915(e)(2).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556).

The court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor. Whirlpool Fin. Corp. v. GN Holdings, Inc., 67 F.3d 605, 608 (7th Cir. 1995). The court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–1951. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific,

requiring the reviewing court to draw on its experience and common sense." *Id.* at 1940.

A plaintiff can plead himself out of court if he pleads facts that preclude relief. See Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." Tamayo v. Blagojevich, 526 F.3d 1074, 1086 (7th Cir. 2008). The court reviews the *pro se* plaintiff's complaint more liberally than it would one that was drafted by a trained attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Mr. Smith brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Burrell v. City of Mattoon, 378 F.3d 642, 646-647 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Smith asks that this court "dismiss the charge that has come to the Plaintiff." (Docket #1 at 3). To grant this relief would require this court to intervene in the criminal prosecution in the Grant Superior Court and order that court to dismiss the criminal charge against Mr. Smith. The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 53 (1971), requires a federal district court to refrain from interfering with pending state

criminal proceedings in deference to principles of equity, comity, and federalism. Criminal prosecution is an important state interest, and nothing in the complaint or its attachments suggests the existence of facts that would avoid the <u>Younger</u> doctrine's prohibition against this court intervening in the criminal prosecution against Mr. Smith. If he believes that he is being erroneously prosecuted, the proper place for Mr. Smith to contest the validity of this criminal charge is in the state court system.

Mr. Smith also seeks $300,000 in damages "for violation of right - violation 14 Amendment." (Docket #1 at 3). In his complaint, he states his claim as "affidaviti (sic) information to credibility of probable cause determination." (Docket #1 at 2 ¶ 2). The motion to dismiss that Mr. Smith filed in his criminal case, and attached to his complaint, suggests that he believes the Grant Superior Court issued a search warrant in violation of Indiana law. But to state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States. <u>West v. Atkins</u>, 487 U.S. at 48. Even if the defendants violated Indiana law in obtaining a search warrant against Mr. Smith, that states no claim upon which relief can be granted under § 1983.

In any event, a review of the attachments to Mr. Smith's complaint establishes that he states no valid § 1983 claim in regard to the search warrant and the criminal charge filed against him. "The Fourth Amendment, incorporated by the Fourteenth Amendment, provides that '[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated . . ..'" <u>Brokaw v. Mercer County</u>, 235 F.3d 1000, 1009 (7th Cir. 2000). The documents attached to Mr. Smith's

4

complaint, including the affidavit for probable cause signed by Detective Michael Andry, the Grant Circuit Court's order finding probable cause to exist, and the transcript of the debriefing of the confidential informant by officers Chris Butche and Marland Sands concerning the confidential informant's purchase of drugs from Mr. Smith, establish that probable cause existed for the Grant Circuit Court to issue a search warrant and for the filing of criminal charges against Mr. Smith. A finding of probable cause doesn't require enough evidence to support a conviction. Illinois v. Gates, 462 U.S. 213, 235 (1983). "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Id.*, quoting Spinelli v. United States, 393 U.S. 410, 419 (1969).

For the foregoing reasons, the court DENIES the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) pursuant to 28 U.S.C. §1915(e)(2) and DISMISSES this cause of action.

SO ORDERED.

ENTERED: April  16 , 2010

                                         /s/ Robert L. Miller, Jr.
                                         Judge
                                         United States District Court

cc: D. Smith